Jeff Barber
Barber & Associates, LLC
540 E 5th Ave.
Anchorage, AK 99501
(907) 276-5858
jeffb@alaskainjury.com
Attorneys for Plaintiff

COPY
Original Received

AUG 14 2025

Clerk of the Trial Courts

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

| | |
|---|---|
| JOHN DOE,<br><br>    Plaintiff,<br><br>vs.<br><br>ALEXANDER STEARNS LLC,<br><br>    Defendant. | Case No. 3AN-25-8249 C |

## COMPLAINT

COMES NOW the plaintiff, JOHN DOE, by and through his attorneys,

BARBER & ASSOCIATES, LLC, and for his complaint against defendant

ALEXANDER STEARNS LLC, does state and allege as follows:

### I. PARTIES AND JURISDICTION

1. That at all times material hereto, plaintiff was and is a resident of

Anchorage, Alaska.

2. That at all times material hereto, defendant was and is an Arkansas

4524/16 Complaint
Doe v. Alexander Stearns LLC
Page 1

Exhibit A
Page 1 of 9

Case 3:25-cv-00225-HRH   Document 1-1   Filed 09/18/25   Page 1 of 9

limited liability company company doing business in the Third Judicial District, Alaska.

3. At all times material hereto, defendant was doing business as Max Distributing.

4. That defendant is liable for the acts and/or failures to act of its employees and/or agents and/or principals under theories of vicarious liability and/or agency and/or respondeat superior.

5. That at all times material hereto, defendant owned and/or operated a business selling and/or distributing products including Ultimate Kratom Extract to be sold by Holiday Alaska LLC in convenience stores in the Third Judicial District, Alaska.

6. Over the course of many months in 2023, the defendant sold a product called Ultimate Kratom through Holiday Alaska LLC convenience stores to the plaintiff in the Third Judicial District, Alaska.

## II. FACTS

7. The plaintiff re-alleges paragraphs 1 to 6 as though fully pled herein.

8. The defendant controlled decisions about which products would be sold to Holiday Alaska LLC stores.

9. Ultimate Kratom's label marketed the product as a "Feel Good" "Herbal Relaxation" kratom product.

4524/16 Complaint
Doe v. Alexander Stearns LLC
Page 2

Exhibit A
Page 2 of 9

Case 3:25-cv-00225-HRH   Document 1-1   Filed 09/18/25   Page 2 of 9

10. Kratom is a drug derived from the kratom plant, mitragyna speciosa.

11. Chemicals in the kratom plant produce a psychoactive effect when ingested.

12. Kratom can produce opioid and stimulant-like effects which create withdrawal symptoms and cravings substantially similar to opiate-based painkillers such as hydrocodone and oxycodone in sufficient dosages.

13. Substances like kratom carry a high risk of addiction and include symptoms of withdrawal, particularly as the user develops a tolerance to the drug and requires increased dosages to get the same effects as a lower does used to have.

14. Long term users of kratom have reported experiencing depression, anxiety, anhedonia, and reduced sex drive.

15. Notwithstanding the harmful, dangerous, and addictive effects of kratom, the defendant sold Ultimate Kratom to the plaintiff.

16. The defendant sold Ultimate Kratom to the plaintiff without any warning of its addictive effects.

17. An extract is a concentrated form of the kratom product whereby the active kratom alkaloids are distilled from the leaf powder and sold in powder or liquid preparations.

18. Notwithstanding the harmful, dangerous and addictive effects of

4524/16 Complaint
Doe v. Alexander Stearns LLC
Page 3

Exhibit A
Page 3 of 9

Case 3:25-cv-00225-HRH    Document 1-1    Filed 09/18/25    Page 3 of 9

Ultimate Kratom, the defendant marketed this product without warnings of its risk of addiction and abuse.

19. In 2023, the plaintiff experienced symptoms of addiction to the Ultimate Kratom and suffered opioid-like withdrawal.

20. The plaintiff purchased Ultimate Kratom from the defendant on a frequent basis and sometimes multiple times per day.

21. The plaintiff felt symptoms of anxiety and loss of libido.

22. The plaintiff sought medical attention for his harmful symptoms from using Ultimate Kratom, including the addiction.

23. The plaintiff's medical provider referred him to a drug treatment facility.

24. The providers at the drug treatment facility used the drug Suboxone to wean the plaintiff from kratom.

25. The plaintiff suffered past and future: medical expense, pain and suffering, loss of enjoyment of life, inconvenience, significant expense of Ultimate Kratom, and other non-pecuniary damages to be more fully set forth at trial, all in an amount greater than $100,000.00 (ONE HUNDRED THOUSAND DOLLARS), the exact amount to be set by the trier of fact.

26. On information and belief, other customers of the defendant purchased its kratom products on a frequent basis and sometimes many times per

4524/16 Complaint
Doe v. Alexander Stearns LLC
Page 4

Exhibit A
Page 4 of 9

Case 3:25-cv-00225-HRH    Document 1-1    Filed 09/18/25    Page 4 of 9

day.

27. On information and belief, the defendant communicated with its suppliers or vendors of Ultimate Kratom and knew or should have known about its addictive nature and opioid like effects.

28. The defendant knew or should have known that knowledge of kratom's addictive nature is a material fact that would influence the purchasing decision of consumers.

29. Kratom is considered by health professionals to be similar to an opioid or quasi-opiate.

30. In 2018, the FDA conducted a scientific analysis using 3D modeling to determine the precise effect of kratom on the human body at the molecular level and reached the conclusion that based on the scientific information in the literature and further supported by computational modeling and the reports of its adverse effects in humans, the scientists felt confident calling compounds found in kratom: opioids.

31. The DEA categorizes kratom as a Drug and Chemical Concern and notes that it can induce physiological dependence by its users, leading to addiction.

32. There are no uses for kratom approved by the U.S. Food and Drug Administration.

33. The defendant knew or should have known that it was selling a

4524/16 Complaint
Doe v. Alexander Stearns LLC
Page 5

highly addictive and harmful product to unsuspecting customers.

### III. CAUSES OF ACTION

34. The plaintiff realleges paragraphs 1-33 as though fully set forth herein.

35. Ultimate Kratom was a defective product.

36. The defendant was a seller of Ultimate Kratom.

37. The defendant placed Ultimate Kratom into the stream of commerce while the product was unsafe and unreasonably dangerous for the intended and reasonably anticipated use by consumers.

38. The defendant marketed and sold Ultimate Kratom without an adequate warning of its harmful and addictive effects.

39. The defendant is strictly liable to the plaintiff for the harmful effects substantially caused by Ultimate Kratom which was unsafe and unreasonably dangerous for its reasonably anticipated use by consumers.

40. The defendant's decision to allow Ultimate Kratom to be sold in its stores without disclosing to customers how harmful it could be was an unfair or deceptive act or practice in violation of AS 45.50.471 Alaska Unfair Trade Practices Act (UTPA) which was a substantial factor in causing harm to the plaintiff for which the defendant is liable.

41. The defendant is liable for treble damages under the UPTA.

4524/16 Complaint
Doe v. Alexander Stearns LLC
Page 6

Exhibit A
Page 6 of 9

Case 3:25-cv-00225-HRH   Document 1-1   Filed 09/18/25   Page 6 of 9

42. The defendant is liable for full attorney fees under the UPTA.

43. The defendant impliedly warranted that kratom was not addictive and does not cause opioid-like withdrawal symptoms.

44. The defendant breached the warranty implied in the contract for the sale of Ultimate Kratom because the product did not conform to the implied affirmations of fact made on the marketing and packaging of the product that Ultimate Kratom was not addictive and did not cause withdrawals.

45. The plaintiff relied upon the defendant's skill and judgment and the implied warranties of fitness for purpose.

46. The Ultimate Kratom product was defective when they left the exclusive control of the defendant.

47. The plaintiff did not receive the goods as warranted.

48. The plaintiff was harmed by the defendant's breach of the implied warranty because he would not have purchased Ultimate Kratom if he know that the product was addictive and could cause opioid-like symptoms and because the product did not have the characteristics, uses or benefits as promised by defendant.

49. The defendant was unjustly enriched by selling Ultimate Kratom to its customers, and its retention of revenues in selling Ultimate Kratom is unjust and inequitable because the defendant omitted that Ultimate Kratom was addictive and similar to opioids, and the defendant's customers would not have purchased or

4524/16 Complaint
Doe v. Alexander Stearns LLC
Page 7

Exhibit A
Page 7 of 9

Case 3:25-cv-00225-HRH    Document 1-1    Filed 09/18/25    Page 7 of 9

would have paid less for the product if the true facts concerning Ultimate Kratom were known by the customers.

50. The defendant must disgorge its inequitably retained revenues from selling Ultimate Kratom.

51. The defendant misrepresented that its Ultimate Kratom products have attributes or qualities that they do not have by failing to disclose that kratom is addictive and can cause opioid-like withdrawal.

52. The defendant is liable for intentional misrepresentation for its marketing and sale of Ultimate Kratom to the plaintiff which was a substantial factor in causing harm to the plaintiff.

53. The defendant's conduct evidenced reckless disregard to the interests of the plaintiff and/or was outrageous.

54. The defendant is liable for punitive and/or exemplary damages for its conduct which was a substantial factor in causing harm to the plaintiff.

55. The defendant's actionable conduct was motivated by financial gain.

56. The defendant is liable for past and/or future: medical expense, pain, suffering, disability, loss of enjoyment of life, inconvenience, expense of Ultimate Kratom, and other non-pecuniary damages to be more fully set forth at trial, all in an amount in excess of $100,000.00 (ONE HUNDRED THOUSAND DOLLARS), the exact amount to be set by the trier of fact.

4524/16 Complaint
Doe v. Alexander Stearns LLC
Page 8

Exhibit A
Page 8 of 9

Case 3:25-cv-00225-HRH    Document 1-1    Filed 09/18/25    Page 8 of 9

WHEREFORE, having fully pled plaintiff's complaint, plaintiff requests a judgment against defendant for an amount in excess of $100,000.00 (ONE HUNDRED THOUSAND DOLLARS) to be established by the trier of fact, plus interest, costs and attorney fees and such other relief as the Court deems just.

DATED at Anchorage, Alaska this 14th day of August, 2025.

BARBER & ASSOCIATES, LLC
Attorneys for Plaintiff

By: /s/ Jeff Barber
JEFF BARBER
AK Bar #0111058

4524/16 Complaint
Doe v. Alexander Stearns LLC
Page 9